BROWN, *Appellant*, v. THE TERRE HAUTE & INDIANAPOLIS RAILROAD COMPANY.

**Nunc pro tunc Orders:** CORPORATION. A judgment against a corporation cannot be corrected *nunc pro tunc* by striking out the name under which the defendant was sued and served with process, and substituting another name.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

AFFIRMED.

There was no appearance on the part of the defendant in the court below, except for the special purpose of objecting to the jurisdiction.

*Lewis Brown pro se.*

An amendment of a judgment, by correcting the name of a defendant, may be made at any time. *Parry v. Woodson*, 33 Mo. 347 ; *Bergen v. Bolton*, 10 Mo. 658 ; *Hanly v. Dewees*, 1 Mo. 16 ; *Gibson v. Chouteau*, 45 Mo. 171. The filing of the amended petition cured the error of the original; the judgment should have followed the amended petition.

*Everett W. Pattison, amicus curiae, contra.*

HENRY, J.—The original petition was against the Terre Haute & Indianapolis and Indianapolis & St. Louis Railroad Company, to recover $200 for professional services, plaintiff stating in his petition that "the defendant is a corpora-

tion," etc. The summons was returnable to the January term, 1877, of the Cape Girardeau court of common pleas, and was served by the sheriff of St. Louis county, December 11th, 1876, "by delivering a copy of the writ and petition to the general manager of the Terre Haute & Indianapolis and St. Louis Railroad Company," etc. At the return term of the writ, the plaintiff filed an amended petition, identical with the original, except in the name of the party defendant therein, substituting for the original defendant the name of the Terre Haute & Indianapolis Railroad Company. On this amended petition there was a trial, and verdict and judgment for plaintiff; but the judgment entered was against the original defendant only, and at the May term, 1877, the plaintiff filed a motion in the cause, asking the court to enter a judgment *nunc pro tunc* against the Terre Haute & Indianapolis Railroad Company. The motion was overruled, and the plaintiff has appealed. As there was no service of the summons on the Terre Haute & Indianapolis Railroad Company, the court was not authorized, at any stage of the proceedings, to render a judgment against it. The judgment which plaintiff seeks to correct, would have been a nullity, if it had been originally entered as plaintiff now asks to have it made. The judgment *nunc pro tunc* asked for, would, if entered, have been a nullity, and it cannot be an error in the court to refuse to do what would be entirely nugatory if done. All concurring, the judgment is affirmed.